UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DEBRA CHARLESWORTH**                      **CIVIL ACTION**

**VERSUS**                                      **NO: 14–1668**

**AVERITT EXPRESS, INC., ET AL**             **SECTION: "H"(5)**

## ORDER

      Before the Court is Plaintiffs' Motion to Remand (Doc. 5). Plaintiffs filed this case in Louisiana state court on August 2, 2013 asserting several state law claims against five defendants. Plaintiffs are citizens of Arkansas and the original defendants were citizens of Alabama, Delaware, Tennessee, and Louisiana. Two of the defendants were Louisiana citizens. One was voluntarily dismissed on November 27, 2013 and the other was dismissed on June 27, 2014. The remaining Defendants removed the suit to this court on July 21, 2014. Plaintiffs now move to remand, arguing that the removal is untimely and that Defendants waived their right to remove by litigating this case in state court.

      Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "[t]hat federal jurisdiction exists and that removal was proper."[2] Plaintiffs concede that the Court has subject matter jurisdiction over this case.

---

[1] 28 U.S.C. § 1441(a).

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

1

28 U.S.C. § 1446(b)(1) requires that a notice of removal generally be filed within 30 days after the removing defendant is served with the suit. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an . . . order . . . from which it may first be ascertained that the case is one which is or has become removable."[3] Plaintiffs argue that this case was always removable because complete diversity existed at the time suit was filed. The Court disagrees.

Plaintiffs' argument overlooks the so-called "forum defendant rule" contained in 28 U.S.C § 1441(b)(2). According to 28 U.S.C § 1441(b)(2), "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because two of the initial defendants were Louisiana citizens, this suit did not become removable until June 27, 2014, the date that the last Louisiana citizen was dismissed.[4] Defendants removed the case less than 30 days later, and less than one year after the action was instituted,[5] therefore the removal was timely.

Plaintiffs also argue that Defendants waived their right to remove this suit because they litigated it in state court despite the fact that it was removable. This argument is also rejected. This case was not removable until the last Louisiana defendant was dismissed. Therefore, Defendants' participation in the litigation prior to that dismissal did not waive their right to remove.

---

[3] 28 U.S.C. § 1446(b)(3).

[4] *See Mumfrey v. Anco Insulations, Inc.*, No. 11–2284, 2011 WL 4745626, at *2 (E.D. La. Oct. 7, 2011) (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967 ) ("if a resident defendant is dismissed from a case by the voluntary act of the plaintiff, the case becomes removable").

[5] *See* 28 U.S.C. § 1446(c)(1) (providing that an action removed on the basis of diversity cannot be removed more than one year following the institution of the action).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Remand is **DENIED**.

New Orleans, Louisiana, on this 19th day of November, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**